UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PHUOC HUU NGUYEN        *
       Plaintiff        *
       *
v.        *        CIVIL NO. L-10-1222
       *
VIET ANH BUI, et al.        *
       Defendants        *
*******

MEMORANDUM

This case arises from a construction project gone awry. Plaintiff Phuoc Nguyen is the sole proprietor of a construction company. Defendant Viet Anh Bui is the owner and sole officer of Defendant U.S. Business, a corporation that owns and operates beauty salons in the Washington, D.C. metropolitan area. On May 15, 2008, Nguyen contracted with the Defendants to renovate a nail salon at 5010 Buckeystown Pike in Frederick, Maryland ("the Project").

Now pending is the Defendants' joint Motion to Dismiss or, in the alternative, to Stay. Docket No. 4. The Defendants contend that the Court should dismiss Nguyen's Complaint because a suit involving the same parties is presently before the Circuit Court for Fairfax County, Virginia ("the Virginia suit"). No hearing necessary to decide this matter. See Local Rule 105.6 (D. Md. 2010). For the reasons stated herein, the Court will, by separate Order of even date, DENY the Motion and DIRECT the Defendants to answer the Complaint.

I.        **Background**

The instant motion concerns two separate lawsuits. Bui filed the Virginia suit on January 20, 2010. He alleges that Nguyen failed to complete the Project by the original contractual

deadline and failed to perform under an amended agreement executed in October 2009.[1]  See Defs. Ex. 1.

Nguyen filed the instant federal suit on May 17, 2010.  Docket No. 1.  He alleges that the Defendants implemented a scheme to avoid paying him.  Nguyen alleges, inter alia, that the Defendants wrongfully initiated a criminal investigation after he entered the property to complete the Project, that Bui made defamatory statements to the police regarding Nguyen's attempt to enter the property, and that the Defendants breached an oral contract executed in conjunction with the amended agreement described above.  Id.  On May 18, 2010, Nguyen answered the Virginia Complaint and filed a Counterclaim, alleging fraudulent inducement on the amended agreement and breach of the original contract.  See Defs. Ex. 3.[2]

## II. Discussion

### A. Abstention Principles

The Defendants argue that the Court should decline to exercise jurisdiction over Nguyen's federal Complaint or, in the alternative, stay the suit pending resolution of the Virginia suit.  It is well-settled that "our dual system of federal and state governments allows parallel actions to proceed to judgment until one becomes preclusive of the other."  Chase Brexton Health Servss, Inc. v. Maryland, 411 F.3d 457, 462 (4th Cir. 2005).  Therefore, " 'the pendency of an action in the state [system] is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction.' "  McLaughlin v. United Va. Bank, 855 F.2d 930, 934 (4th Cir. 1992) (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)).  Moreover, the Supreme Court has cautioned that federal courts are bound by a "virtually unflagging obligation . . . to

---

[1] Bui alleges that the parties executed the amended agreement to give Nguyen a final opportunity to perform.

[2] Although the copy of the Virginia Counterclaim provided by the Defendants is not dated, they aver that it was filed on May 18, 2010.

2

exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Nevertheless, in certain instances, "federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996) (quoting Colorado River, 424 U.S. at 813).

The Court must undertake a two-step analysis in determining whether so-called Colorado River abstention is appropriate. The first question is whether there are parallel federal and state suits. Chase Brexton, 411 F.3d at 463. If there are parallel suits, then the Court must balance several factors, with the balance "heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Memorial Hospital v. Mercury Constrs. Corp., 460 U.S. 1, 16 (1983). The factors are:

> (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights.

Great Am. Ins. Co. v. Gross, 468 F.3d 199, 207-08 (4th Cir. 2007). In addition, courts consider if either the state or federal suit "was a contrived, defensive reaction to the other." McLaughlin, 955 F.2d at 935. Ultimately, "abstention is the exception, not the rule." Great Am Ins. Co. at 208.

**B.     Analysis**

**1.     Parallel Suits**

The first issue is whether there are parallel federal and state suits. Suits are considered parallel "if substantially the same parties litigate substantially the same issues in different

3

forums." New Beckley Min. Corp. v. Int'l Union, United Mine Workers, 946 F.2d 1072, 1073 (4th Cir. 1991). Here, the parties are substantially the same. Although the two proceedings have certain facts and arguments in common, however, most of the legal issues are not substantially the same. See New Beckley Mining, 946 F.2d at 1074 (noting that "some factual overlap does not dictate that proceedings are parallel").

The central issues in the Virginia suit are whether Nguyen failed to complete the Project by the contractual deadline, whether Bui fraudulently induced Nguyen to enter the amended agreement, and whether Bui breached the original contract. By contrast, the central issues in the federal suit are whether the Defendants wrongfully initiated a criminal investigation, whether Bui made defamatory statements about Nguyen to the police, and whether the Defendants breached the amended agreement. Moreover, there is no guarantee that the issues litigated in the Virginia state court action would resolve Nguyen's claims in the federal suit. For example, even if Nguyen prevails on his Virginia Counterclaim, his malicious prosecution and defamation claims would remain unresolved.

Nevertheless, Nguyen's federal Complaint and his Virginia Counterclaim include breach of contract claims. Although the claims concern different contracts,[3] they involve substantially the same legal issue: namely, whether the Defendants failed to satisfy their contractual obligations. Accordingly, the Virginia and federal contract claims are parallel suits, and the Court must consider the relevant factors to determine whether abstention is warranted.

### 2. Application of the Factors

The first factor, whether the case requires a court to assert in rem jurisdiction, weighs against abstention because neither suit involves the rights of any party to particular property.

---

[3] The Virginia Counterclaim concerns the original agreement, and the Federal Complaint concerns the amended agreement and the alleged oral contract.

Gannett, 286 F.3d at 747. The second factor, whether the federal forum is inconvenient, also weighs against abstention because the events giving rise to Nguyen's suit took place in the District.

The third factor, the interest in avoiding piecemeal litigation, counsels against abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reasoning different results." Gannett, 286 F.3d at 744. The "mere potential for conflict in the result of adjudications," however, does not necessarily "warrant staying exercise of federal jurisdiction." Chase Brexton, 411 F.3d at 465-66. "[F]or abstention to be appropriate, retention of jurisdiction must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill suited for resolution in duplicate forums." Gannett, 286 F.3d at 744.

Here, the Defendants have not identified any compelling reasons why the two proceedings are so duplicative so as to warrant abstention. Because Nguyen's breach of contract claims concern different contracts, this factor weighs against abstention. See National Textiles, LLC v. Daugherty, 250 F. Supp. 2d 575, 579 (M.D.N.C. 2003) ("Both actions involve allegations of breach of contract. Nothing about these claims, however, appears to make their resolution so difficult as to preclude the claims from being resolved in parallel proceedings.").

The fourth factor, the order in which the courts obtained jurisdiction and the progress achieved in each action, weighs only slightly in favor of abstention. Bui initiated the Virginia suit some four months before Nguyen initiated the federal Complaint. In the Virginia suit, the parties have filed initial and responsive pleadings, and engaged in discovery. The Virginia court has not entered a scheduling order, however. The federal suit is at the preliminary motions stage, and discovery has not yet begun. Ultimately, the difference in timing is relatively insignificant.

The fifth factor, whether federal law is implicated, weighs against abstention. No issues of federal law are implicated in this action, where jurisdiction is based on diversity of citizenship, or the Virginia action. Nevertheless, federal courts routinely address questions of state law, and premising abstention on the mere presence of state law "would undermine diversity jurisdiction." Wachovia Bank, Nat. Ass'n v. Preston Lake Homes, LLC, No. 5:09cv00112, 2010 WL 17872880, slip op. at *4 (W.D. Va. May 10, 2010) (citing Gannett, 286 F.3d at 746). Further, the federal suit does not raise a novel question of state law best decided by a state court. See Poston v. John Bell Co. Inc., No. 5:07-cv-00757, 2008 WL 4066254, at *7 (S.D.W.Va. Aug. 27, 2008) (unpublished) ("Simply put, even if a federal question is not implicated, this factor still weighs against abstention unless there is presence of 'rare circumstances' typically not found in a breach of contract action.").

As for the last two factors, the adequacy of the Virginia proceeding to protect the parties' rights "does not by itself warrant abstention." Wachovia Bank, 2010 WL 17872880, at *5. Further, the Defendants have not argued that Nguyen's conduct was vexatious or contrived. Because Virginia does not have a compulsory counterclaim requirement, Nguyen acted well within his rights in bringing the federal suit to enforce the amended agreement and the alleged oral contract. See id.

In sum, the Court finds that there are no exceptional circumstances. Accordingly, abstention or a stay is not warranted, and the Defendants' motion will be denied.

### III. Conclusion

For the reasons stated herein, the Court will, by separate Order of even date, DENY the Defendants' Motion and DIRECT the Defendants to answer the Complaint.

Dated this  30th  of July, 2010.                              /s/
                                                      Benson Everett Legg
                                                      United States District Judge